**SMITH KRIVOSHEY, PC**
Yeremey O. Krivoshey (California Bar No. 295032)
Brittany S. Scott (California Bar No. 327132)
E-Mail: yeremey@skclassactions.com
        brittany@skclassactions.com
166 Geary Street, Ste. 1500-1507
San Francisco, CA 94108
Phone: 415-839-7000

**SMITH KRIVOSHEY, PC**
Joel D. Smith (California Bar No. 244902)
E-Mail: joel@skclassactions.com
867 Boylston Street, 5th Floor, Ste. 1520
Boston, MA 02116
Phone: 617-377-7404

*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LACEY TIMMINS, individually and on behalf of all others similarly situated,<br><br>               Plaintiff,<br><br>   v.<br><br>UNILEVER UNITED STATES, INC., a Delaware corporation,<br><br>               Defendant. | Case No. 2:24-cv-03017-JAM-JDP<br><br>**NOTICE OF RELATED CASES**<br><br>Action Filed: November 1, 2024 |

Pursuant to E.D. Cal. L.R. 123 Plaintiff Lacey Timmins ("Plaintiff") brings to the Court's attention a potentially related case, *Timmins v. Walmart, Inc.*, Case No. 2:24-cv-03017-JAM-JDP, currently pending in the U.S. District Court for the Eastern District of California. Plaintiff files this notice pursuant to the *Timmins v. Walmart, Inc.* Court's instructions in its April 29, 2025 Minute Order, ECF No. 16, requesting the parties to "promptly file and serve on all parties in each action a notice of related cases."

Under E.D. Cal. L.R. 123(a), an action is related to another action when: "both actions involve similar questions of fact and the same question of law and their assignment to the same Judge or Magistrate Judge is likely to effect a substantial savings of judicial effort, either because the same result should follow in both actions or otherwise" or "it would entail substantial duplication of labor if the actions were heard by different Judges or Magistrate Judges." E.D. Cal. L.R. 123(a)(3) and (4).

Although this action (the "Unilever Action") and the other action (the "Walmart Action") involve different defendants, they share substantial similarity in both facts and legal claims. Both cases involve the same Plaintiff, Lacey Timmins, and she is represented by the same counsel in both cases, Smith Krivoshey, PC. The defendants in both cases are also represented by the same law firm, Shook Hardy & Bacon. Both cases concern consumer class claims alleging false and misleading labeling of baby petroleum jelly products as "hypoallergenic" when they actually contain known allergens and skin irritants.

The product at issue in the Walmart Action—Parent's Choice Baby Petroleum Jelly Skin Protectant—is Walmart's copycat version of the product at issue in the Unilever Action—Vaseline Baby Healing Jelly. In both cases, Plaintiff asserts that the products in question are not hypoallergenic as represented on their packaging because they contain fragrance chemicals, which are among the most common allergens and skin irritants.

Specifically, the cases overlap in the following ways: (1) both cases involve nearly identical factual allegations regarding the presence of fragrance in products labeled as "hypoallergenic"; (2) both cases involve allegations that the plaintiff purchased these products for use on her son who suffered from eczema and diaper rash; (3) both cases assert the same

legal theories and causes of action, including violations of California's Unfair Competition Law, False Advertising Law, and Consumer Legal Remedies Act, as well as breach of implied warranty, breach of express warranty, unjust enrichment, and fraud by omission/intentional misrepresentation; (4) both cases seek certification of the same classes and subclasses, including a nationwide class, a California subclass, a Multi-State Warranty Class, and a Multi-State Consumer Protection Class; and (5) both cases involve the same type of damages and relief requested.

The assignment of these cases to the same Judge or Magistrate Judge would effect a substantial savings of judicial effort because both cases will involve similar discovery regarding the meaning and usage of the term "hypoallergenic" in consumer product labeling. Both cases will involve similar expert testimony regarding the allergenic properties of fragrance ingredients. Both cases will also require interpretation of the same consumer protection laws as applied to similar fact patterns. Thus, addressing both cases together would avoid the potential for inconsistent rulings on substantially similar legal and factual issues and result in substantial savings of judicial efforts.

Given the parallels between the two cases, Plaintiff respectfully submits that *Timmins v. Walmart, Inc.*, Case No. 2:24-cv-02960-DJC-JDP, and *Timmins v. Unilever United States, Inc.*, Case No. 2:24-cv-03017-JAM-JDP, are potentially related cases within the meaning of E.D. Cal. L.R. 123(a)(3) and (4) and their assignment to the same Judge or Magistrate Judge would promote judicial efficiency and economy.

Dated: May 6, 2025          Respectfully submitted,

/s/ Yeremey Krivoshey

**SMITH KRIVOSHEY, PLLC**
Yeremey O. Krivoshey (State Bar No. 295032)
Brittany S. Scott (State Bar No. 327132)
E-Mail:  yeremey@skclassactions.com
         brittany@skclassactions.com
166 Geary Street, Ste. 1500-1507
San Francisco, CA 94108
Phone: 415-839-7000

**SMITH KRIVOSHEY, PLLC**
Joel D. Smith (State Bar No. 244902)
E-Mail:  joel@skclassactions.com
867 Boylston Street, 5th Floor, Ste. 1520
Boston, MA 02116
Phone: 617-377-7404

*Attorneys for Plaintiff*