SHOOK, HARDY & BACON L.L.P.
Naoki S. Kaneko (SBN 252285)
nkaneko@shb.com
Kristine Avena (SBN 328593)
kavena@shb.com
Jamboree Center
5 Park Plaza, Suite 1600
Irvine, California 92614
Tel: 949-475-150 Fax: 949-475-0016

M. Kevin Underhill (SBN 208211)
kunderhill@shb.com
555 Mission Street, Suite 2300
San Francisco, CA 94104
Tel: 415-544-1900 Fax: 415-391-1400

Attorneys for Defendant
Unilever United States, Inc.

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LACEY TIMMINS, on behalf of Herself and all Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>UNILEVER UNITED STATES, INC.,<br><br>Defendant. | Case No. 2:24-cv-03017-DJC-JDP<br><br>**DEFENDANT UNILEVER UNITED STATES INC.'S NOTICE OF MOTION AND MOTION TO TRANSFER VENUE TO THE DISTRICT OF NEW JERSEY PURSUANT TO 28 U.S.C. § 1404(a)**<br><br>Action Filed: November 1, 2024<br><br>Date:  April 23, 2026<br>Time:  1:30 p.m.<br>Dept.:  Courtroom 7<br>Judge:  Daniel J. Calabretta |

1

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

Please take notice that on April 23, 2026, at 1:30 p.m. before the Honorable Daniel J. Calabretta in Courtroom 7 of the United States District Court for the Eastern District of California, located at 501 I Street, Sacramento, CA 95814, Defendant Unilever United States, Inc., will and hereby does move the Court for an Order transferring this action to the United States District Court for the District of New Jersey (Newark Division).

This motion is made pursuant to 28 U.S.C. § 1404(a), and is based on the following grounds:

(1)    Venue is proper in the District of New Jersey (Newark Division).

(2)    The private interest factors support transfer, including the relative ease of access to sources of proof; availability of compulsory process for attendance of unwilling witnesses and the cost of obtaining attendance of willing witnesses; and other practical factors that ensure trial of a case will be expeditious and inexpensive.

(3)    The public interest factors support transfer, including the administrative difficulties flowing from court congestion; the local interest in having localized controversies decided at home; and the interest in having the trial of a diversity case in a forum that is at home with the law.

The motion is based on this notice of motion, the supporting memorandum of points and authorities, the pleadings on file in this case, and such arguments as the Court may allow at the time of hearing. This motion is made following the conference of counsel, which occurred on March 9, 2026, pursuant to the Court's standing order.   Meet-and-confer efforts have been exhausted and Plaintiff has indicated her intent to oppose this motion.

Dated: March 16, 2026                    Respectfully submitted,

                    SHOOK, HARDY & BACON L.L.P.

                    By:  */s/ Naoki S. Kaneko*
                        Naoki S. Kaneko
                        M. Kevin Underhill
                        Kristine Avena

Attorneys for Defendant
UNILEVER UNITED STATES, INC.

3

## INTRODUCTION

This is one of two virtually identical federal lawsuits that Plaintiff's counsel has filed against Unilever involving its product, Vaseline Baby Healing Jelly. In this case, Plaintiff accuses Unilever of misleading her by labeling Vaseline Baby Healing Jelly as "hypoallergenic," a claim she says she promptly learned was untrue. Plaintiff also contends that the "Pediatrician Recommended" label was deceptive because there is allegedly no evidence suggesting a pediatrician recommended the product to consumers. The firm representing Plaintiff has filed a virtually identical action in the District of New Jersey (Newark Division), *Vicks v. Unilever United States, Inc.*, Case No. 2:25-cv-17887. As discussed below, transferring *Timmins v. Unilever* to the District of New Jersey will promote the convenience of parties and witnesses and serve the interests of justice. *See* 28 U.S.C. § 1404(a).

## BACKGROUND AND FACTS ALLEGED

### I.    The *Timmins* Action

Plaintiff, a California resident who bought the Vaseline Baby Healing Jelly product in California, seeks to represent a California class. First Am. Compl. ("FAC") ¶ 119. She asserts causes of action under the UCL, FAL, and CLRA (*id.* ¶¶ 141–161); for breach of implied warranty (*id.* ¶¶ 162–72); for breach of express warranty (*id.* ¶¶ 173–81); and for unjust enrichment (*id.* ¶¶ 182–94) and common-law fraud (*id.* ¶¶ 195–202).

In her original complaint, Plaintiff sought to certify the following classes and subclasses:

Nationwide Class:  all people in the United States who purchased the Product for personal or household use during the last four years.

California Subclass: all people in California who purchased the Product for personal or household use during the last four years.

Multi-State Warranty Class:  all people who purchased the Product for personal or household use (1) in Alaska, Arkansas, California, Delaware, District of Columbia,

1

Hawaii, Indiana, Kansas, Michigan, Minnesota, Montana, Nevada, New Hampshire, New Jersey, North Dakota, Oklahoma, Oregon, Pennsylvania, Rhode Island, South Carolina, South Dakota, Texas, Utah, Virginia, or Wyoming within the applicable statute of limitations; or (2) in Colorado or Massachusetts within the applicable statute of limitations.

Multi-State Consumer Protection Class: all people who purchased the Product for personal or household use (1) in the states of Michigan, Minnesota, or New Jersey within the applicable statute of limitations; (2) in the state of Missouri within the applicable statute of limitations; (3) in the states of California, Florida, Massachusetts, or Washington within the applicable statute of limitations; or (4) in the states of Illinois and New York within the applicable statute of limitations.

But in her Amended Complaint, Plaintiff now seeks to limit the proposed class to: "all people in California who purchased the Product for personal or household use during the four years preceding the date on which Plaintiff filed her original Complaint." *Id.* ¶ 119.

## II.    The *Vicks* Action

The *Vicks* case was filed in the District of New Jersey on November 24, 2025. *See Vicks* Compl. (Ex. A to Decl. of Naoki Kaneko). Like Ms. Timmins, the plaintiffs in *Vicks* are consumers who bought the Vaseline Baby Healing Jelly product and allege its labeling violated state consumer advertising laws. They assert causes of action under New York General Business Law § 349, New York General Business Law § 350, Massachusetts Consumer Protection Act, breach of implied warranty, breach of express warranty, unjust enrichment, and common-law fraud. They seek to certify the following classes: (1) a nationwide class excluding only California; (2) a New York subclass; (3) a Massachusetts subclass; and (4) a multi-state warranty class of certain states also excluding California.

## LEGAL STANDARD

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been

2

Defendant's Motion to Transfer
Case No. 2:24-cv-03017-DJC-JDP

brought or to any district or division to which all parties have consented." 28 U.S.C. § 1404(a). "The feasibility of consolidation is a significant factor in a transfer decision." *A. J. Indus., Inc. v. U.S. Dist. Ct. for Cent. Dist. of California*, 503 F.2d 384, 389 (9th Cir. 1974). A transfer motion made under 28 U.S.C. § 1404(a) requires two findings: (1) that the proposed court is one where the action might have been brought, and (2) that the convenience of the parties and witnesses in the interest of justice favor transfer. *Hatch v. Reliance Ins. Co.*, 758 F.2d 409, 414 (9th Cir. 1985).

"Section 1404(a) is intended to place discretion in the district court to adjudicate motions for transfer according to an 'individualized, case-by-case consideration of convenience and fairness,' [and] . . . calls on the district court to weigh in the balance a number of case-specific factors." *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988) (quoting *Van Dusen v. Barrack*, 376 U.S. 612, 622 (1964)). The "private interest" factors include: "relative ease of access to sources of proof; availability of compulsory process for attendance of unwilling, and the cost of obtaining attendance of willing, witnesses; possibility of view of premises, if view would be appropriate to the action; and all other practical problems that make trial of a case easy, expeditious and inexpensive." *Atl. Marine Const. Co. v. U.S. Dist. Ct. for W. Dist. of Texas*, 571 U.S. 49, 63 n.6 (2013) (citation omitted). The "public interest" factors include: "the administrative difficulties flowing from court congestion; the local interest in having localized controversies decided at home; [and] the interest in having the trial of a diversity case in a forum that is at home with the law." *Id.* Finally, "[a]lthough great weight is generally accorded plaintiff's choice of forum, when an individual brings a derivative suit or represents a class, the named plaintiff's choice of forum is given less weight." *Lou v. Belzberg*, 834 F.2d 730, 739 (9th Cir. 1987) (citation omitted).

3

## <u>ARGUMENT</u>

**I.      This Action Might Have Been Brought in New Jersey.**

The first question is whether the proposed court is one where the action might have been brought. *Hatch*, 758 F.2d at 414. Here, Unilever is domiciled in New Jersey and Delaware, and there would be minimal diversity under the Class Action Fairness Act. *See* FAC ¶ 17; 28 U.S.C. § 1332(d)(2)(A); 28 U.S.C. § 1391(b)(1). Venue is therefore proper in New Jersey.

**II.     Feasibility of Consolidation with the *Vicks* Matter Strongly Favors Transfer.**

As a preliminary matter, the feasibility of consolidation strongly favors transferring this case to the District of New Jersey. "An important consideration in determining whether the interests of justice dictate a transfer of venue is the pendency of a related case in the transferee forum." *Callaway Golf Co. v. Corp. Trade, Inc.*, No. 09–cv–384, 2010 WL 743829, at *7 (S.D. Cal. Mar. 1, 2010) (internal quotations omitted); *see also A. J. Indus., Inc.*, 503 F.2d at 389.

Here, the *Vicks* putative class action pending in the District of New Jersey is not just similar to this case, but is substantively identical. Both complaints involve:

- The same product (Vaseline Baby Healing Jelly);
- The same defendant (Unilever United States);
- The same allegations (use of the term "hypoallergenic");
- The same product and labeling images;
- The same consumer reviews;
- Similar substantive state-law variations of consumer fraud, false advertising, breach of implied and express warranty, and unjust enrichment; and
- The same alleged injury (symptoms of eczema).

As noted above, Timmins originally sought to certify "nationwide" or multistate classes, all of which included New Jersey consumers (Compl. ¶ 64), but the amended complaint proposes only a California class. FAC ¶ 119. The *Vicks* complaint, not

4

coincidentally, proposes "nationwide" or multistate classes excluding only California. *See* Ex. A. This manipulation of class divisions, which was presumably done to avoid potential transfer and consolidation, deserves no weight given that the convenience factors support transfer. *See Hawkins v. Gerber Prods. Co.*, 924 F. Supp. 2d 1208, 1215 (S.D. Cal. 2013) (transferring case where "Plaintiff has not provided the Court with any persuasive reasons as to why the class has been artificially split into two sub-classes, the California plaintiffs and the non-California 'nationwide' sub-class."). The *Vicks* putative class action is more comprehensive than *Timmins*. Given the substantial overlap between *Timmins* and *Vicks*, transferring this case to the District of New Jersey would conserve judicial resources and the parties' resources, avoid the risk of inconsistent outcomes or verdicts, and continue the successful coordination between Unilever and Plaintiffs' counsel in these substantively identical class actions.[1]

**III.    The Private Factors Favor Transferring *Timmins* to New Jersey.**

**A.    Plaintiff's Choice of Forum Deserves Little Weight.**

"[W]hen an individual . . . represents a class, the named plaintiff's choice of forum is given less weight." *Lou*, 834 F.2d at 739. Further, "if the transactions giving rise to the action lack a significant connection to the plaintiff's chosen forum, the plaintiff's choice of forum is given considerably less weight." *Hawkins*, 924 F. Supp. 2d at 1215. Here, the operative complaint alleges that Plaintiff is domiciled in California and bought the Vaseline Baby Healing Jelly product in 2023 from Target in Stanislaus County. FAC ¶ 12. But she alleges no other relevant connections between the case and California, and there is no need to view any premises in California in this false advertising class action. Given that the complaint's allegations rely significantly on Unilever's corporate conduct relating to

---

[1] On the same note, the first-to-file rule is not dispositive here. Although the *Vicks* action was the later-filed complaint, the convenience factors favor transfer to the District of New Jersey. *See Red v. Unilever United States, Inc*., No. 09-07855 MMM (AGRx), 2010 WL 11515197, at *6 (C.D. Cal. Jan. 25, 2010) (noting a court may relax the first-to-file rule if the balance of convenience favors the later-filed action). Indeed, given that Timmins recently filed a first amended complaint, both actions are at the pleading stage.

5

mislabeling decisions, the relevant testimony and witnesses are located in or near its headquarters in New Jersey. *See Colby v. VisionWorks of Am., Inc.*, No. 1:25-CV-00387-JLT-SAB, 2025 WL 2937437, at *5 (E.D. Cal. Oct. 16, 2025), *report and recommendation adopted*, No. 1:25-CV-00387 JLT SAB, 2025 WL 3208818 (E.D. Cal. Nov. 17, 2025) (granting motion to transfer when "[t]he website through which the data was collected is operated and controlled from Defendant's principal place of business in Texas" and the "core decisions" were made there). Accordingly, Plaintiff's choice of forum should be afforded little if any deference here.

**B.  Access to Evidence, Convenience of Witnesses, and Availability of Compulsory Process Favor Transfer.**

"The relative convenience to the witnesses is often recognized as the most important factor to be considered in ruling on a motion under § 1404(a)." *Saleh v. Titan Corp.*, 361 F. Supp. 2d 1152, 1160 (S.D. Cal. 2005) (citation omitted). "Courts have considered 'not only the number of witnesses [located in the respective districts], but also the nature and quality of their testimony." *Colby*, 2025 WL 2937437, at *5 (citation omitted).

Here, Unilever's headquarters and likely documents and witnesses responsible for labeling decisions are in or near Hoboken, New Jersey, making the District of New Jersey more convenient. In particular, documents relating to product labeling, marketing and consumer testing and decisions, and sales are stored at or near Unilever's headquarters in New Jersey. Although documents can be sent electronically, the same cannot be said for the key witnesses in this action. Indeed, Unilever's initial disclosures identify the following as individuals likely to have discoverable information under Rule 26: "Unilever employees with responsibility for product labeling" and "Unilever employees with knowledge of sales related to the products." The sole supplier of the fragrance at issue in the products is also located in New Jersey. Plaintiff's initial disclosures similarly identify "[a]ll witnesses disclosed in Defendant's initial disclosures." Given that Unilever's headquarters and personnel are in New Jersey, the convenience of the witnesses, including third-party

witnesses, strongly favor transfer. *See Parr v. Stevens Transp., Inc.*, No. C 19-02610-WHA, 2019 WL 4933583, at *3 (N.D. Cal. Oct. 7, 2019) (holding that the inconvenience of directing defendant's employees to testify elsewhere "still matters.").

Further, because most, if not all, of the key evidence and witnesses will necessarily come from individuals located in New Jersey, this Court will not be able to exercise its subpoena power over those witnesses. *See* Fed. R. Civ. P. 45(e). The convenience of the parties and the witnesses thus strongly weigh in favor of transfer of this action.

## IV. The Public Factors Favor Transferring the Present Matter to New Jersey.

### A. Transfer Would Increase Judicial Economy and Avoid the Risk of Inconsistent Rulings.

Judicial economy and the risk of inconsistent rulings also support transfer of this action to the District of New Jersey. Both actions contain overlapping factual issues concerning the fragrance of the Vaseline Baby Healing Jelly product, and Unilever's representations and decision-making process concerning "hypoallergenic" statements on its labeling. Moreover, both actions will require rulings on similar legal questions concerning consumer protection statutes, breach of implied warranty, breach of express warranty, unjust enrichment, and fraud by omission/intentional misrepresentation. Because of the similarities between both actions, there is a risk the courts could issue conflicting class certification, summary judgment, and *Daubert* rulings concerning similar expert testimony and damages theories. Transfer would therefore avoid overlapping Vaseline Baby Healing Jelly class actions pending in two different federal district courts and would centralize these substantively identical claims to ensure uniformity and efficiency in the judiciary.

Transfer would also centralize the dispute in a district far less congested than this one. As this Court is well aware, the Eastern District of California has long had "one of the highest case loads in the country." *Bomanite Corp. v. Newlook Int'l, Inc.*, No. 1:07-CV-01640-OWW-SMS, 2008 WL 1767037, at *11 (E.D. Cal. Apr. 16, 2008) (citing this in support of court's decision to grant motion to transfer). Indeed, the initial documents this

Court sent the parties after filing included a letter from Chief Judge Troy L. Nunley describing the congestion in the district as having "reached a crisis level" and recommending between 5 and 11 new judgeships for this Court. *See* Consent Letter and Form (Ex. B. to Kaneko Decl.). This District has only six authorized judgeships for its approximately 8.5 million residents. *See* Eastern District of California Judicial Emergency FAQ, https://www.caed.uscourts.gov/caednew/assets/File/Eastern%20District%20of%20California%20FAQ_2_25.pdf (last visited Mar. 4, 2026). The District of New Jersey has 17 authorized judgeships for its approximately 9.5 million residents. *See* United States District Court, District of New Jersey, Our Judges, https://www.njd.uscourts.gov/our-judges (last visited Mar. 4, 2026); U.S. Census Bureau, *Quick Facts, New Jersey*, https://www.census.gov/quickfacts/fact/table/NJ/PST045224 (last visited Mar. 4, 2026). Therefore, given the tremendous congestion in the Eastern District of California, the interests of judicial economy are best met by a transfer of venue to the District of New Jersey.

**B.    Local Interest and Familiarity with Governing Law**

Next, the local interest in having New Jersey courts resolve a controversy concerning alleged false advertising by a company based in that state supports transfer of this case. As the Ninth Circuit has held, the crux of a case like this "lies not in California, the state where Plaintiff purports to have purchased a falsely advertised product, but in New Jersey, the state where [the company] is headquartered and allegedly issued misrepresentations concerning its … products." *Hawkins*, 924 F. Supp. 2d at 1216. The fact that Plaintiff may have purchased the product in California is immaterial when compared with the central issue in this case, the alleged fraudulent and misleading advertising of certain representations on Unilever's Vaseline Baby Healing Jelly product's label. The central location of Unilever's alleged actions occurred at its headquarters in New Jersey. *See CureIS Healthcare, Inc. v. Epic Sys. Corp.*, No. 25-CV-04108-MMC, 2025 WL

8

3295325, at *3 (N.D. Cal. Nov. 26, 2025) (finding the local interest in the controversy weighed in favor of transfer to the district where the defendant was headquartered and issued misrepresentations).

Moreover, although this *Timmins* action brings claims arising under California law, the District of New Jersey is fully capable of analyzing and applying California law along with the many other state laws it is being asked to apply. *See Randles v. Nationstar Mortg., LLC*, No. 1:24-CV-0177-KES-SKO, 2024 WL 1855720, at *6 (E.D. Cal. Apr. 26, 2024) (holding that "[t]he Northern District of Texas is equally able to protect Plaintiff and the putative California class members in this matter."); *see also Szegedy v. Keystone Food Prods., Inc.*, No. CV 08-5369 CAS (FFMx), 2009 WL 2767683, at *7 (C.D. Cal. Aug. 26, 2009) ("The judges in each jurisdiction are fully capable of deciding issues arising under both California and Pennsylvania law.").

Therefore, both the private and public factors support transfer of this action to the District of New Jersey.

## CONCLUSION

For the foregoing reasons, the Court should grant Unilever's motion to transfer this action to the District of New Jersey pursuant to 28 U.S.C. § 1404(a).

Dated: March 16, 2026

Respectfully submitted,

SHOOK, HARDY & BACON L.L.P.

By: */s/ Naoki S. Kaneko*
    Naoki S. Kaneko
    M. Kevin Underhill
    Kristine Avena

    Attorneys for Defendant
    UNILEVER UNITED STATES, INC.

9