**SMITH KRIVOSHEY, PC**
Yeremey O. Krivoshey (California Bar No. 295032)
Brittany S. Scott (California Bar No. 327132)
E-Mail:  yeremey@skclassactions.com
brittany@skclassactions.com
28 Geary Street, Suite 650 # 1507
San Francisco, CA 94108
Phone: 415-839-7000

**SMITH KRIVOSHEY, PC**
Joel D. Smith (California Bar No. 244902)
Aleksandr "Sasha" Litvinov (SBN 95598) (*pro hac vice*)
E-Mail:  joel@skclassactions.com
sasha@skclassactions.com
867 Boylston Street, 5th Floor, Ste. 1520
Boston, MA 02116
Phone: 617-377-7404

*Attorneys for Plaintiff*
*[Additional Counsel on Signature Block]*

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| LACEY TIMMINS, individually and on behalf of all others similarly situated,<br><br>                                Plaintiff,<br><br>   v.<br><br>UNILEVER UNITED STATES, INC., a Delaware corporation,<br><br>                              Defendant. | Case No. 2:24-cv-03017-DJC-JDP<br><br>**PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO TRANSFER**<br><br>Action Filed: November 1, 2024<br><br>Date: April 23, 2026<br>Time: 1:30 PM PST<br>Dept.: Courtroom 7<br>Judge: Daniel J. Calabretta |

PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO
TRANSFER; CASE NO. 2:24-CV-03017-DJC-JDP

## I.    INTRODUCTION

The Court should deny Defendant Unilever United States, Inc.'s ("Unilever") belated request to transfer this case to the District of New Jersey under 28 U.S.C. § 1404(a). Unilever offers no explanation for why it waited a year and a half to seek to transfer this case, and only after attempting to have this Court adjudicate the matter on the merits in its previously filed motion to dismiss and participating in discovery for over 9 months.

Unilever argues transfer is warranted to consolidate this action with *Vicks v. Unilever United States, Inc.*, Case No. 2:25-cv-17887-SDW-JSA (D.N.J.), a "substantively identical" case pending in the District of New Jersey. However, this central premise is false. The *Vicks* case is no longer pending in New Jersey because the *Vicks* plaintiffs voluntarily dismissed the action in its entirety pursuant to Rule 41(a)(1)(A)(i) *before Unilever filed its Motion to Transfer*. *See* Ex. A to Krivoshey Declaration ("Krivoshey Decl."). To make matters worse, counsel for the *Vicks* plaintiffs told Unilever's counsel of the pending dismissal weeks in advance. *Id*. at ¶ 4. In short, the *Vicks* case does not exist. There is no Vaseline Baby Healing Jelly class action pending in the District of New Jersey.

The instant case (*i.e.*, *Timmins*) is the first-filed and only existing case challenging the labeling of Vaseline Baby Healing Jelly. Plaintiff filed it on November 1, 2024 more than a year before *Vicks*. This Court has already ruled on Unilever's motion to dismiss and Unilever has filed an Answer to Plaintiff's First Amended Complaint. Discovery has been well underway since July 2025. Plaintiff's motion for class certification is set for September 3, 2026. Plaintiff is a California resident who purchased the product in California, used the Product in California, and brings exclusively California consumer protection claims on behalf of a California-only class. Unilever has not come close to meeting its burden of demonstrating that the convenience of parties and witnesses, or the interests of justice, favor uprooting this action and starting over in another district.

On reply, Unilever may reference another pending case filed by undersigned counsel against Unilever in New Jersey styled *Novick v. Unilever United States, Inc.*, Case No. 2:25-cv-04804 (D.N.J.). However, this case concerns an entirely different product: Dove Sensitive Skin Body Wash. The case is also procedurally behind *Timmins* as Unilever's motion to dismiss the original complaint remains pending, and Unilever has yet to produce a single document in that case. *Novick* provides no basis to transfer a California case about Vaseline Baby Healing Jelly to New Jersey. For these and the below reasons, Plaintiff respectfully requests the Court deny transfer of this action.

## II.    LEGAL STANDARD

The party seeking transfer bears the burden of demonstrating that transfer is appropriate. *Cirafici v. City of Ithaca*, 968 F.2d 1220, at *1 (9th Cir. 1992). The defendant must make a "strong showing of inconvenience to warrant upsetting the plaintiff's choice of forum." *Decker Coal Co. v. Commonwealth Edison Co.*, 805 F.2d 834, 843 (9th Cir. 1986), *superseded by statute on other grounds*. A transfer should not merely shift the inconvenience from one party to the other. *Decker Coal*, 805 F.2d at 843 (affirming denial of transfer).

## III.    ARGUMENT

**A.    Unilever's Consolidation Argument Fails Because the *Vicks* Case Has Been Dismissed and No Vaseline Baby Healing Jelly Case Is Pending in New Jersey.**

Unilever's motion rests on a foundation that has crumbled. The centerpiece of Unilever's brief is that transfer is necessary to consolidate this action with *Vicks v. Unilever United States, Inc.*, a "substantively identical" case purportedly pending in the District of New Jersey. (Mot. at 4.) Unilever devotes the bulk of its argument to the "feasibility of consolidation," arguing it "strongly favors transferring this case to the District of New Jersey." (*Id.* at 4-5.) But *Vicks* is not pending. It was voluntarily dismissed on March 13, 2026 hours before Unilever filed this motion. Despite being on notice that the *Vicks* case would be dismissed weeks in advance, and being on notice

of the actual dismissal after a meet and confer call between counsel, Unilever chose not to withdraw its Motion.

Unilever cites to *A. J. Indus., Inc. v. U.S. Dist. Ct. for Cent. Dist. of California*, 503 F.2d 384, 389 (9th Cir. 1974) for the proposition that the "feasibility of consolidation is a significant factor in a transfer decision," but that is true only when there is actually a case to consolidate with. As Unilever itself argues, "[a]n important consideration in determining whether the interests of justice dictate a transfer of venue is the pendency of a related case in the transferee forum." *Callaway Golf Co. v. Corp. Trade, Inc.*, No. 09–cv–384, 2010 WL 743829, at *7 (S.D. Cal. Mar. 1, 2010). Here, there is no "pendency of a related case." The *Vicks* case has been dismissed. There is no Vaseline Baby Healing Jelly class action in the District of New Jersey.

Unilever may respond that a new action is anticipated. It is true that undersigned counsel is considering filing a new action in D.N.J. which the parties agree should be related to *Novick* if filed. But an anticipated future filing is not a pending case. The Court cannot transfer this action based on the speculative possibility that a related case might be filed at some point in the future. As of the date of this opposition, no such case exists. And if and when such a case is filed, it will be a brand-new action at the earliest stages of litigation *that will not seek to represent California consumers of the Vaseline Baby Healing Jelly at issue here*. Even the previously dismissed *Vicks* case did not seek to represent California consumers. Meanwhile *Timmins* will be approaching class certification.

The only Unilever case currently pending in D.N.J. is *Novick*, which concerns Dove Sensitive Skin Body Wash, a product not at issue in *Timmins*. Any arguments Defendant may have about *Novick* are waived, because Defendant did not raise them in its motion. Consolidation with *Novick* is not a basis to transfer a case about Vaseline Baby Healing Jelly to New Jersey.

**B.    The First-to-File Rule and This Case's Advanced Posture Weigh Heavily Against Transfer.**

*Timmins* was the first case filed challenging the labeling of Vaseline Baby Healing Jelly. It was filed on November 1, 2024. *Vicks* was not filed until November 24, 2025, more than a year later, and has since been dismissed. The first-to-file rule is a well-recognized doctrine that "serves the purpose of promoting efficiency well and should not be disregarded lightly." *Church of Scientology of California v. U.S. Dep't of Army*, 611 F.2d 738, 750 (9th Cir. 1979), *overruled on other grounds by Animal Legal Def. Fund v. U.S. Food & Drug Admin.*, 836 F.3d 987 (9th Cir. 2016). The rule generally favors proceeding in the forum where the first-filed action is pending, particularly where that action is significantly more advanced.

Here, *Timmins* is not merely first-filed; it is substantially more advanced than any other proceeding that might one day involve the same product. This Court has already ruled on Unilever's motion to dismiss. The parties have exchanged initial disclosures. Discovery is actively underway since July 2025. Plaintiff's motion for class certification is set for September 3, 2026. Plaintiff has already retained three experts who are actively working on reports in support of the upcoming motion for class certification. Krivoshey Decl., ¶ 5. Transferring this case to New Jersey would waste the judicial resources this Court has already invested and force the parties to start over before a new judge unfamiliar with the matter.

Unilever contends in a footnote that the first-to-file rule is "not dispositive" and cites *Red v. Unilever United States, Inc.*, No. 09-07855, 2010 WL 11515197, at *6 (C.D. Cal. Jan. 25, 2010), for the proposition that a court may relax the rule if convenience factors favor transfer. (Mot. at 5 n.1.) But *Red* is inapposite. There, the first-filed and second-filed actions were filed within months of each other and were both at the pleading stage, so there was no meaningful difference in advancement. Here, *Timmins* has progressed well past the pleading stage, and the supposedly parallel case in New Jersey no longer exists.

### C.    Plaintiff's Choice of Forum Deserves Deference.

A plaintiff's choice of forum is entitled to great weight in the § 1404(a) analysis. *Decker Coal*, 805 F.2d at 843. This is especially so when the plaintiff resides in the forum and the claims arise from conduct that occurred there. *Id.* The defendant must make a "strong showing of inconvenience" to overcome that presumption. *Id*.

Unilever argues Plaintiff's choice of forum deserves "little weight" because this is a class action. (Mot. at 5.) This argument misses the mark. While some courts have afforded diminished deference to a plaintiff's forum choice in putative *nationwide* class actions on the theory that the chosen forum bears little relation to a widely scattered class, that logic does not apply where, as here, the proposed class is limited to California residents and California claims and the action is filed in California. *See, e.g.*, *Lou v. Belzberg*, 834 F.2d 730, 739 (9th Cir. 1987); *Hoefer v. U.S. Dept. of Commerce*, 2000 WL 890862, at *2 (N.D. Cal. Jun. 28, 2000) (noting in a putative class action that "the members of the purported class are numerous and are located throughout the nation" and therefore "[t]he plaintiff's choice of forum . . . is not given substantial weight when determining whether a transfer of venue is proper.").

Specifically, the proposed class is limited entirely to California residents who purchased the Product in California. (ECF No. 38, Plf.'s FAC, ¶ 119.) Plaintiff herself is a California resident who purchased the Product in California. (*Id*. at ¶ 12.) All members of the proposed class purchased the Product in California. The claims arise exclusively under California law (*i.e.*, the UCL, FAL, and CLRA). This is precisely the kind of case where plaintiff's choice of home forum is entitled to substantial weight.

Unilever's suggestion that Plaintiff narrowed her class definition to a California-only class to "avoid potential transfer and consolidation," (Mot. at 3), is baseless speculation. In any event, it is irrelevant. The question under § 1404(a) is whether the convenience factors and the interests of justice favor transfer, not why the plaintiff chose to bring the claims she chose to bring.

### D.    The Private Interest Factors Do Not Favor Transfer.

Unilever argues that its headquarters, documents, and witnesses are in New Jersey. (Mot. at 6.) But in the age of electronic discovery, the physical location of documents is "increasingly irrelevant . . . ." *Fanning v. Capco Contractors, Inc.*, 711 F. Supp. 2d 65, 70 (D.D.C. 2010) (noting thousands of pages can be easily digitized and transported to any appropriate forum). Documents relating to product labeling, marketing, and consumer testing can be, and routinely are, transmitted electronically. Indeed, Unilever has already served such documents on Plaintiff during discovery in this action. This factor is neutral at best.

Unilever contends its employees with knowledge of product labeling and sales are in New Jersey. (Mot. at 6.) But this merely reflects the defendant's own inconvenience, one Unilever created by choosing to sell the Product nationwide, including in California. Moreover, the physical location of witnesses is nearly as irrelevant as the location of documents given that depositions and even live testimony can take place via videoconference. *Fanning*, 711 F. Supp. 2d at 70. Indeed, Plaintiff is willing to conduct all depositions remotely by video conference.

Further, after significant meet and confer efforts, Defendant has identified eight custodians whose records will be searched in *Timmins*. Based on publicly available information, none of these individuals appear to work or reside in New Jersey. *See* Krivoshey Decl., ¶¶ 6-7. According to LinkedIn profiles, four of them are based in New York, one in Pennsylvania, one in Georgia, and one in Zurich, Switzerland. *Id*. at ¶ 7.

Defendant also argues that its "initial disclosures identify the following as individuals likely to have discoverable information under Rule 26: 'Unilever employees with responsibility for product labeling' and 'Unilever employees with knowledge of sales related to the products.'" (Mot. at 6.) In fact, Unilever's initial disclosures do not identify a single employee by name, and do not provide the location of any putative employees. *See* Ex. B to Krivoshey Decl. (Initial Disclosures). Unilever also argues that "[t]he sole supplier of the fragrance at issue in the products is also located in New

Jersey." (Mot. at 6). The supplier Defendant references is based in Switzerland, with 167 locations located all over the world, including in New Jersey and many other states. *See* Krivoshey Decl., ¶ 8. Its website also lists dozens of production sites around the world. *Id*. There is no indication that any particular conduct occurred in New Jersey regarding the fragrance at issue. *Id.*

In any case, transfer under § 1404(a) should not merely shift the inconvenience from one party to the other. *Decker Coal*, 805 F.2d at 843. Plaintiff is located in California, two of her retained experts are located in California, and her third expert is not located in New Jersey either. Krivoshey Decl., ¶ 5. If the case were transferred, Plaintiff and her witnesses would face the same travel burdens Unilever claims to face now, but without the benefit of being the party seeking the transfer. Unilever has not identified any third-party witnesses in New Jersey whose testimony is critical and who would be unable to testify in California.

Unilever also argues that this Court lacks subpoena power over witnesses in New Jersey. (Mot. at 7.) But Unilever has identified its key witnesses as its own employees, over whom it has control regardless of the forum. Unilever's sole supplier of the fragrance at issue is also an international mega corporation that describes itself as the global leader in the flavor, fragrance, and cosmetic ingredient space. *See* Krivoshey Decl., ¶ 8. Unilever has not explained why its supplier's testimony cannot be obtained by deposition or video testimony, as is routine in modern litigation.

### E.    The Public Interest Factors Favor Retaining This Action.

This case involves California consumer protection statutes (*i.e.*, the UCL, FAL, and CLRA) brought by a California resident on behalf of a class of California consumers. California has a paramount interest in protecting its residents from deceptive business practices within its borders. As courts have recognized, the local interest in having localized controversies decided at home favors retaining a case where the claims arise under the forum state's own consumer protection laws and the class is limited to forum-state residents. *See, e.g.*, *Bush v. Rust-Oleum Corp.*, 2020 WL

6047300, at *3 (N.D. Cal. Oct. 13, 2020) (holding the Northern District of California's interest in adjudicating claims relating to purchases of products in California by California residents outweighed the interests of the Northern District of Illinois, noting court congestion is a neutral factor and the districts are equally capable of applying the law).

Unilever argues that the "crux" of this case lies in New Jersey because that is where Unilever is headquartered. (Mot. at 8.) But the "crux" of a consumer protection case is the consumer's experience (*e.g.*, the deceptive labeling as it appears to and injures the consumer at the point of sale). The relevant consumer conduct are the purchases, the reliance, and the injury, and these all occurred in California for the entire putative class.

Unilever makes much of the Eastern District of California's heavy caseload. (Mot. at 7.) The Court is well aware of its own docket. But court congestion, standing alone, is not a sufficient basis for transfer. Courts routinely decline to transfer cases based on congestion concerns where the other factors weigh against transfer. *See Bush*, 2020 WL 6047300 at *3. Here, as discussed above, the convenience factors and interests of justice favor keeping this case in the Eastern District.

Finally, Unilever suggests that because this case involves California law, a New Jersey court could just as easily decide it. (Mot. at 9.) That is precisely the wrong framing. The question is not whether a New Jersey court could apply California law, it is whether transfer would serve the interests of justice. A court in the Eastern District of California applies the UCL, FAL, and CLRA routinely and is intimately familiar with these statutes. There is no efficiency gain from transferring a California consumer protection case to a forum that does not regularly adjudicate California consumer protection claims.

## IV.    CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court deny Defendant's Motion to Transfer Venue pursuant to 28 U.S.C. § 1404(a) in its entirety.

Dated:  March 27, 2026                    Respectfully submitted,

                                          */s/ Yeremey Krivoshey*

                                          **SMITH KRIVOSHEY, PLLC**
                                          Yeremey O. Krivoshey (State Bar No. 295032)
                                          E-Mail:  yeremey@skclassactions.com
                                          28 Geary Street, Suite 650 # 1507San
                                          Francisco, CA 94108
                                          Phone: 415-839-7000

                                          **SMITH KRIVOSHEY, PLLC**
                                          Joel D. Smith (State Bar No. 244902)
                                          Aleksandr "Sasha" Litvinov (SBN 95598)
                                          (*pro hac vice*)
                                          E-Mail:  joel@skclassactions.com
                                          E-Mail: sasha@skclassactions.com
                                          867 Boylston Street, 5th Floor, Ste. 1520
                                          Boston, MA 02116
                                          Phone: 617-377-7404

                                          **REESE LLP**
                                          Michael Robert Reese
                                          100 West 93rd Street
                                          Ste 16th Floor
                                          New York, NY 10025
                                          212-643-0500
                                          Email: mreese@reesellp.com

                                          **BRYSON HARRIS SUCIU & DEMAY PLLC**
                                          Trenton Ross Kashima
                                          19800 MacArthur Blvd.
                                          Suite 270
                                          Irvine, CA 92612
                                          212-946-9389
                                          Email: tkashima@brysonpllc.com

                                          *Attorneys for Plaintiff*