UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

LACEY TIMMINS,

Plaintiff,

v.

UNILEVER UNITED STATES, INC.,

Defendant.

No. 2:24-cv-03017-DJC-JDP

ORDER

Plaintiff, a California resident, brings multiple California law claims arising from injuries allegedly caused by Vaseline brand Baby Healing Jelly manufactured by Defendant Unilever. Defendant, a corporation headquartered in New Jersey, now moves to transfer this action to the District of New Jersey. Defendant argues that transfer will be more convenient for the parties and witnesses. Having analyzed the factors relevant in determining whether transfer is appropriate, the Court denies the Motion.

**BACKGROUND**

Plaintiff Lacey Timmins is domiciled in California. (FAC (ECF No. 38) ¶ 12.) Defendant Unilever United States, Inc. is incorporated in Delaware, and its principal place of business is in New Jersey. (*Id.* ¶ 17.)

In 2023, Plaintiff purchased Defendant's Vaseline brand Baby Healing Jelly at a Target in Stanislaus County, California. (*Id.* ¶ 12.) Plaintiff purchased Defendant's product to help alleviate her son's eczema and diaper rash symptoms, but instead the product allegedly prolonged the symptoms. (*Id.* ¶ 12.) Plaintiff had relied on the "Hypoallergenic" and "Pediatrician Recommended" labels on the product packaging. (*Id.* ¶ 13.) Despite the labeling, the product contained substances classified as skin sensitizers, such as fragrance. (*Id.* ¶¶ 50–51.) Plaintiff believes her and the proposed class members injuries arose from "false, misleading, and deceptive representations and omissions" by Defendant. (*Id.* ¶ 115.)

Plaintiff brings this class action on behalf of "all people in California who purchased the product for personal or household use during the four years preceding the date on which Plaintiff filed her original Complaint". (*Id.* ¶ 119.)

Plaintiff filed *Timmins* in federal court on November 1, 2024. (ECF No. 1.) Subsequently, Defendant filed a Motion to Dismiss on January 17, 2025. (ECF No. 8.) Defendant then filed an Answer on July 7, 2025. (ECF No. 25.) After Plaintiff filed their First Amended Complaint (ECF No. 38), Defendant moved to transfer venue. (ECF No. 39.) Briefing is now complete (Opp'n (ECF No. 42); Reply (ECF No. 43), and the matter was submitted without oral argument. (ECF No. 45.)

## LEGAL STANDARD

Under 28 U.S.C. § 1404(a), "for the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." The intent of section 1404 is for district courts to adjudicate these matters using an "individualized, case-by-case consideration of convenience and fairness". *Van Dusen v. Barrack,* 376 U.S. 612, 622 (1964).

"In determining whether an action 'might have been brought' in a district, the court looks to whether the action initially could have been commenced in that district." *Hatch v. Reliance Ins. Co.*, 758 F.2d 409, 414 (9th Cir. 1985).

Additionally, the court must weigh various factors and decide whether the "transfer would serve the convenience of parties and witnesses and otherwise promote the interest of justice." *Atl. Marine Const. Co., Inc. v. U.S. Dist. Ct. for W. Dist. Texas,* 571 U.S. 49, 63 (2013) (internal quotations omitted). These factors include:

> (1) plaintiff's choice of forum, (2) convenience of the parties, (3) convenience of the witnesses, (4) ease of access to the evidence, (5) familiarity of each forum with the applicable law, (6) feasibility of consolidation of other claims, (7) any local interest in the controversy, and (8) the relative court congestion and time of trial in each forum.

*Barnes & Noble, Inc. v. LSI Corp.*, 823 F. Supp. 2d 980, 993 (N.D. Cal. 2011); *see also Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498-99 (9th Cir. 2000).

## DISCUSSION

### I. The "Might Have Been Brought" Standard

The Court must first find that the action "might have been brought" in the requested district court. 28 U.S.C. § 1404(a). An action "might have been brought" in the proposed district if (1) the court has subject matter jurisdiction over that action, (2) defendants would be subject to personal jurisdiction, and (3) venue is proper. *E. & J. Gallo Winery v. F. & P. S.p.A.*, 899 F. Supp. 465, 466 (E.D. Cal. 1994). Defendant argues that the "might have been brought" requirements are met for the action to have initially been brought in New Jersey (Mot. (ECF No. 39) at 4), which is undisputed by Plaintiff. Therefore, the action "might have been brought" in the District of New Jersey.

### II. Weighing the Factors

#### A. Plaintiff's Choice of Forum

Normally, the plaintiff's choice of forum is given great weight. *Lou v. Belzberg,* 834 F.2d 730, 739 (9th Cir. 1987). The weight given to the choice forum is diminished when an individual represents a class. *Id.* But, giving this factor less weight does not

mean it carries no weight at all. *Ayco Farms, Inc. v. Ochoa*, 862 F.3d 945, 950 (9th Cir. 2017).

When determining the weight given to the plaintiff's choice of forum, both parties contacts with the forum should be considered, as well as those relating to the plaintiff's cause of action. *Pac. Car & Foundry Co. v. Pence.*, 403 F.2d 949, 954 (9th Cir. 1968). An additional factor to consider in class actions is whether the plaintiff and class members reside in the district where the action was brought. *D.L. Markham, DDS, MSD, Inc. v. Variable Annuity Life Ins. Co.*, No. 2:21-cv-00007-TLN-KJN, 2022 WL 891290, at *3 (E.D. Cal. Mar. 25, 2022).

Plaintiff's choice of forum is California. (FAC ¶¶ 18–20.) Plaintiff is domiciled in California, purchased the Defendant's product in California, and the alleged injury from the application of the product occurred in California. (*Id.* ¶ 12.) Defendant sells the product in California and markets the product in California. (*Id.* ¶ 19.) Therefore, both parties have substantial contacts with California.

Additionally, the class action is brought on behalf of "all people in California who purchased the product". (*Id.* ¶ 119.) As a result, a significant number of the individuals represented by the class will reside in California, with many residing specifically in the Eastern District of California.

Defendant has raised concerns about Plaintiff forum shopping. (Reply at 1.) Defendant's concerns arose from the change in *Timmins* from certification of a nationwide and multistate class to certification of only a California class. (*Id.* at 3.) This was in response to another action, *Vicks*, with identical facts seeking nationwide and multistate certification excluding California. (Mot. at 4-5.) *Vicks* was located in the District of New Jersey. (*Id.* at 4.) Subsequently, *Vicks* was dismissed by Plaintiff's Counsel. (Reply at 1.) Defendant claims this was done to defeat transfer and keep *Timmins* in California. (*Id.* at 2.)

Where there is indication of forum shopping, the plaintiff's forum choice is given little deference. *Chen v. Pioneer Oil, LLC*, 472 F. Supp. 3d 704, 710 (N.D. Cal.

2020). However, "it typically does not constitute forum shopping where a party acted within his rights in filing a suit in the forum of his choice, even where the chronology of events suggests that both parties took a somewhat opportunistic approach to the litigation." *Seneca Ins. Co., Inc. v. Strange Land, Inc.*, 862 F.3d 835, 846 (9th Cir. 2017) (cleaned up).

The Court does not find significant evidence of forum shopping. *Timmins* was filed before *Vicks* in the district where the product was purchased and in the state with the governing law. (Opp'n at 1.) While the Court acknowledges that there is some litigation strategy present given the amended class certification and dismissal of *Vicks*, it does not rise to the level of forum shopping. Therefore, this factor weighs against transfer of venue to the District of New Jersey.

### B. Convenience of the Parties

Plaintiff is domiciled in California. (FAC ¶ 12.) Defendant is a Delaware corporation, and its principal place of business is in Hoboken, New Jersey. (*Id.* ¶ 17.) Furthermore, Defendant sells its product throughout the United States, including in California where Plaintiff purchased that product. (*Id.* ¶¶ 12,17.)

Both parties would face a burden traveling to the different venues. However, as Defendant already has established connections in California, litigation in California would impose less of a burden on Defendant than litigation in New Jersey would impose on Plaintiff. Therefore, this factor weighs against transfer to the District of New Jersey.

### C. Convenience of the Witnesses

The convenience of witnesses is one of the most important factors to consider in a motion to transfer venue. *D.L. Markham*, 2022 WL 891290, at *4. Importantly, "Section 1404(a) provides for transfer to a more convenient forum, not to a forum likely to prove equally convenient or inconvenient." *Van Dusen*, 376 U.S. at 645–46.

On balance, this factor slightly tips in favor of transfer to the District of New Jersey, as Plaintiff has three witnesses, two of which reside in California, and

Defendant has eight witnesses and a fragrance supplier who are mostly based on the East Coast. (Reply at 5.) In total, Defendant's witnesses will face a greater burden traveling to California than Plaintiff's witnesses would face traveling to New Jersey.

**D. Ease of Access to the Evidence**

The "ease of access to documents does not weigh heavily in the transfer analysis, given that advances in technology have made it easy for documents to be transferred to different locations." *D.L. Markham*, 2022 WL 891290, at *7 (quoting *Metz v. U.S. Life Ins. Co. in City of New York*, 674 F. Supp. 2d 1141, 1149 (C.D. Cal. 2009)).

This factor weighs neutrally because both parties can transfer the documents electronically to either venue as Defendant has already demonstrated though their electronic service of documents to Plaintiff during discovery. (Opp'n at 6.)

**E. Familiarity of Each Forum with the Applicable Law**

"There is an appropriateness in having the trial of a diversity case in a forum that is at home with the state law that must govern the case, rather than having a court in some other forum untangle problems in conflict of laws, and in law foreign to itself." *Van Dusen*, 376 U.S. at 645 (quoting *Gulf Oil Corp v. Gilbert*, 330 U.S. 501, 509).

Plaintiff alleges causes of action under California law exclusively. (FAC ¶¶ 131–97.) While the Court has no doubt that the District of New Jersey is capable of applying California law, the Eastern District of California is undoubtedly more familiar with California law. Transferring an action involving California law from California to New Jersey would not be an efficient use of resources. Therefore, this factor weighs against transfer to the District of New Jersey.

**F. Feasibility of Consolidation of Other Claims**

The voluntary dismissal of *Vicks* makes its consolidation with *Timmins* currently infeasible. Beyond *Vicks*, the parties disagree on whether *Novick*, an action concerning Dove Sensitive Skin Body Wash, could be consolidated with *Timmins*. (Opp'n at 3.) Plaintiff concedes that if *Vicks* was refiled, it would be related to *Novick*,

but *Novick* would not be a basis for consolidation with *Timmins*. (*Id.*) Given that the facts in *Timmins* and *Vicks* are nearly identical (Mot. at 4), the Court is not persuaded that *Novick* is not a basis for consolidation with *Timmins*. However, while consolidation of *Timmins* with *Novick* is somewhat feasible, the products central to each action are meaningfully different, making consolidation only slightly feasible and this factor tip only marginally towards transfer.

**G. Local Interest in the Controversy**

The Supreme Court has recognized that "there is a local interest in having localized controversies decided at home." *Gulf Oil Corp.*, 330 U.S. at 509.

California's interest in this controversy outweighs New Jersey's, despite New Jersey's interest in governing businesses headquartered within its borders. As previously mentioned, Plaintiff is domiciled in California (FAC ¶ 12), the product was purchased and caused the alleged injury in California (*Id.*), the claims are asserted under California law exclusively (*Id.* ¶¶ 131–97), and the class action is brought on behalf of "all people in California who purchased the Product." (*Id.* ¶ 119.) Because the dispute is primarily localized in California, California has a strong local interest in the action. Therefore, this factor weighs against transfer.

**H. Relative Court Congestion and Time of Trial in Each Forum**

There is no dispute that the Eastern District of California has one of the heaviest caseloads in the nation and one that greatly exceeds the congestion of the District of New Jersey. Consequently, this factor favors transfer to the District of New Jersey.

////

////

////

////

////

////

////

## CONCLUSION

Because factors 1, 2, 5, and 7 weigh against transfer, 4 is neutral, and 3, 6 and 8 weigh for transfer, the Court concludes that transfer is not appropriate. Based on the foregoing, IT IS HEREBY ORDERED that Defendant's Motion to Transfer Venue (ECF No. 39) is DENIED.

IT IS SO ORDERED.

Dated: **July 30, 2026**

Daniel J. Calabretta

Hon. Daniel J. Calabretta
UNITED STATES DISTRICT JUDGE