**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| LACEY TIMMINS, on behalf of Herself and all Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>UNILEVER UNITED STATES, INC.,<br><br>Defendant. | Case No. 2:24-cv-03017-DJC-JDP<br><br>**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S UNOPPOSED REQUEST TO SEAL DOCUMENTS (ECF 52)**<br><br>Action Filed: November 1, 2024<br><br>Dept.: Courtroom 7<br>Judge: Daniel J. Calabretta |

The Court has considered Plaintiff's Unopposed Request to Seal Documents (see ECF 52) and Defendant Unilever United States, Inc.'s Statement in Response to Plaintiff's Request to Seal Documents, together with the Declaration of Naoki S. Kaneko and the chart attached to Unilever's Statement as Appendix A.

The Court finds that compelling reasons support sealing or redacting the material identified below. The public's interest in access to these materials is outweighed by the risk of competitive harm to Unilever and to the non-parties whose information it contains. The requested sealing is narrowly tailored: apart from the documents sealed in full or in substantial part, it is limited to discrete words, figures, and identifiers, and the substance of the parties' arguments, the testimony, and the experts' opinions remains public.

Accordingly, IT IS HEREBY ORDERED that the Request is GRANTED IN PART and DENIED IN PART, as follows:

1. The following documents shall be filed under seal in their entirety, or except for the portions indicated:

| Document | Scope of Sealing | Description |
|---|---|---|
| Ex. 25 — California sales data by product (UNITIMM_00000203) | Entire document | Entire document (native spreadsheet of non-public, product-level sales data). |
| Ex. 51 — Clinical study brief (UNITIMM_00000290–99) | Entire document | Entire document (internal clinical study brief, including study planning, product information, and vendor pricing). |
| Ex. 59 — Givaudan Safety Data Sheet for proprietary fragrance (UNITIMM_00001429–45) | Entire document except the title and date | All content except the document title and date (including the fragrance's trade name). |
| Ex. 66 — Givaudan Allergen Extended List (UNITIMM_00001455–57) | Entire document except the title and issue date | All content except the document title and issue date (including the fragrance's trade name). |

| Document | Scope of Sealing | Description |
| --- | --- | --- |
| Ex. 67 — Buying specification for Givaudan fragrance (UNITIMM_00001458–61) | Entire document except the title and dates | All content except the document title and dates (including the fragrance's trade name). |

2. The following documents shall be filed publicly with the redactions indicated, and filed in unredacted form under seal:

| Document | Material to Be Redacted |
| --- | --- |
| Memorandum of Points and Authorities ISO Motion for Class Certification | Only the IQVIA survey figures at 4:20–21, 4:25, and 11:6. |
| Ex. A — Deposition of Kate Godbout (Oct. 2, 2026) (excerpts) | Words and figures only: the fragrance's trade name at 208:4–5, 208:11, 221:4, 226:21, 228:1, and 228:8; the fragrance-component names at 179:4–5, 179:17, 179:22, 181:20–21, 209:1, and 221:24; the concentration figure at 209:2 and the specification value at 221:24–25; and the IQVIA survey figures at 65:3–4, 65:17, 67:25, 68:16, and 69:19. |
| Ex. D — Report of Brandon Adler, M.D. | The first sentence of ¶ 11; the first sentence of ¶ 12 (including footnote references 1, 25, 26); ¶ 14 in its entirety (including footnote references 30 and 31); and, in ¶ 13, the clause identifying a component as present in the product. These passages identify components of the proprietary fragrance. |
| Ex. F — Declaration of Colin B. Weir | Only the IQVIA survey figures in ¶ 21 and n.15 (sample sizes, recommendation rates, and percentages by brand). |
| Ex. 28 — IQVIA claim validation statement (Mar. 13, 2025) (UNITIMM_00000007–08) | The survey results (sample size, recommendation rates, and percentages, including competitor brands). |
| Ex. 29 — IQVIA claim validation statement (Dec. 12, 2022) (UNITIMM_00000156–57) | The survey results (sample size, recommendation rates, and percentages, including competitor brands). |
| Ex. 30 — IQVIA claim validation statement (Dec. 21, 2023) (UNITIMM_00000158–59) | The survey results (sample size, recommendation rates, and percentages, including competitor brands). |

| Document | Material to Be Redacted |
|---|---|
| Ex. 31 — Defendant's Third Amended Answers to Interrogatories, Set One | The fragrance's trade name wherever it appears, and the fragrance-component table in the response to Interrogatory No. 9 (component names, CAS numbers, and concentrations). The product's ingredient percentages, including the fragrance load, may be filed publicly. |
| Ex. 33 — Abbreviated Study Report, HRIPT (UNITIMM_00000009–16) | The fragrance's trade name, the formula and batch number, and internal safety-review (SEAC) reference numbers (UNITIMM_00000012, 16). |
| Ex. 38 — Email chain with CRL re study setup (UNITIMM_00001498–1516) | The research vendor's per-subject price (UNITIMM_00001513). |
| Ex. 48 — Email chain re fragrance brief (UNITIMM_00001466–71) | Fragrance cost targets and volume figures, and the trade names of two predecessor Givaudan fragrances (UNITIMM_00001466–69, 1471). |
| Ex. 60 — Email chain (Sept. 2018) (UNITIMM_00001517–20) | The fragrance's trade name in the attachment line (UNITIMM_00001517). |
| Ex. 70 — Email chain (Apr.–May 2024) (UNITIMM_00002044–46) | The fragrance's trade name in the attachment filename (UNITIMM_00002044) and at UNITIMM_00002045 and the related specification number. |
| Ex. 71 — Fragrance brief (Feb. 2024) (UNITIMM_00002047–54) | Annual fragrance volume and cost-per-ton targets (UNITIMM_00002048–49), the fragrance's trade name (UNITIMM_00002047, 2049), and the discussion of a specific fragrance ingredient (UNITIMM_00002051). |

3. The Request is DENIED as to Exhibits 35, 36, 37, 39, 40, 41, 43, 53, and 69, as to which Unilever has withdrawn its confidentiality designation. Those materials shall be filed publicly in unredacted form.

4. Within 7 days of this Order, Plaintiff shall (a) submit the documents identified in paragraphs 1 and 2, in unredacted form, for filing under seal in accordance with Local Rule 141(e)(2) and Section III of the Court's Standing Order in Civil Cases; and (b) file on the public docket redacted versions of the documents identified in paragraphs 1 and 2, reflecting only the sealing and redactions approved in this Order, together with the materials identified in paragraph 3.

5. The sealed material shall remain under seal until further order of the Court. Access shall be limited to the Court, its staff, and persons authorized to receive Confidential material under the Stipulated Protective Order (ECF 29).

6. The parties shall file their request to seal, response and all supporting documents submitted to the Court for review on the public docket forthwith.

IT IS SO ORDERED.

Dated: October 19, 2026

/s/ Daniel J. Calabretta
THE HONORABLE DANIEL J. CALABRETTA
UNITED STATES DISTRICT JUDGE